# EXHIBIT "A"



# CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED_____
VERIFIED_ BD __

## Civil Process Pick-Up Form

CAUSE NUMBER: __2015  31089__

ATY_____      CIV _✓_      COURT _269_

### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: __Wade D. Moriarty__      PH: __713 807 7800__

*CIVIL PROCESS SERVER: __Interaction Civil Process #147__

*PHONE NUMBER: __832 606 8958__

*PERSON NOTIFIED SVC READY: __Richard Guerra__

* NOTIFIED BY: *Nelson Cuero*

DATE: 6/1/15

Type of Service Document: __CITR__      Tracking Number __7313 5725__

Process papers prepared by: *Nelson Cuero*

Date: __Monday, June 01, 2015__      30 days waiting __07 - 01 - 15__

*Process papers released to: __Rich Guerra__
                                      (PRINT NAME)

_____      _____
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: _____
                                      (PRINT NAME)

                          _____
                                (SIGNATURE)

* Date: __6-2-15__, 2015  Time: __11:30__  AM / PM

Revised 12-15-2014

Unofficial Copy Office of Chris Daniel District Clerk

CONFIRMED FILE DATE: 6/1/2015

5/30/2015 3:14:16 PM
Chris Daniel District Clerk
Harris County
Envelope No: 5481755
By: CUERO, NELSON
Filed: 6/1/2015 12:00:00 AM

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____  COURT *(FOR CLERK USE ONLY):* _____

2015-31089 / Court: 269

STYLED  PAUL LI vs GENERAL INSURANCE COMPANY OF AMERICA
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: | Email: | Plaintiff(s)/Petitioner(s): | ■ Attorney for Plaintiff/Petitioner |
| Paul Wyatt | Paul@thecrimlawfirm.com | PAUL LI | ☐ *Pro Se* Plaintiff/Petitioner |
| | | | ☐ Title IV-D Agency |
| Address: | Telephone: | | ☐ Other: |
| 4900 Travis St. | (713) 807-7800 | | |
| | | | Additional Parties in Child Support Case: |
| City/State/Zip: | Fax: | Defendant(s)/Respondent(s): | Custodial Parent: |
| Houston, TX 77002 | (713) 807-8434 | GENERAL INSURANCE | Non-Custodial Parent: |
| Signature: | State Bar No: | COMPANY OF AMERICA | |
| /s/ Paul Wyatt | 24090480 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|

**Civil**

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation
*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:
- ☐ Motor Vehicle Accident
- ☐ Premises
*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product:
- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void
*Divorce*
- ☐ With Children
- ☐ No Children

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Family Law**

**Post-judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

**Probate & Mental Health**

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case):*

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ■ Over $100, 000 but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

7/28/2015 11:44:21 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6251541
By: GAYLE FULLER
Filed: 7/28/2015 11:44:21 AM

CAUSE NO. 201531089

RECEIPT  NO.                    0.00      CIV
                **********       TR # 73135725

PLAINTIFF: LI, PAUL                                In The 269th
        vs.                                        Judicial District Court
DEFENDANT: GENERAL INSURANCE COMPANY OF AMERICA    of Harris County, Texas
                                                   269TH DISTRICT COURT
                                                   Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris

TO: GENERAL INSURANCE COMPANY OF AMERICA (FOREIGN MUTUAL INSURANCE
    COMPANY) BY SERVING ITS ATTORNEY FOR SERVICE: CORPORATION SERVICE COMPANY
    OR WHEREVER IT MAY BE FOUND
    211 EAST 7TH ST SUITE 620  AUSTIN TX 78701


    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES</u>

This instrument was filed on the <u>1st day of June, 2015</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 1st day of June, 2015, under my hand and
seal of said Court.

<u>Issued at request of:</u>                     CHRIS DANIEL, District Clerk
MORIARTY, WADE D.                               Harris County, Texas
4900 TRAVIS STREET                              201 Caroline    Houston, Texas 77002
HOUSTON, TX 77002                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 807-7800
<u>Bar No.</u>: 789503                            GENERATED BY: CUERO, NELSON   7MM//10110976

_____

                    OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _10:30_ o'clock _A_ .M., on the _10th_ day of _June_ , _2015_ .

Executed at (address) _211 East 7 St. Suit 620  Austin, TX 78701_ _____ in

_Travis_ County at _9:30_ o'clock _A_ .M., on the _1st_ day of _July_ ,
_2015_ by delivering to _General Insurance Company of America_ defendant, _in person_ , a _By Certified M.?_
true copy of this Citation together with the accompanying _____   copy(ies) of the
                                                                              Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _6th_ day of _July_ , _2015_ .

Fee: $ _____                               _Michal J. Garza_

                                               _____ of _____ County, Texas

_Sct 1245_
_Exp 3-31-19_
Affiant                                        By _____
                                                          Deputy

On this day, _Michal J. Garza_ _____ , known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _7th_ day of _July_ , _2015_ .

                                               _Deysi Rodriguez_
                                               Notary Public

DEYSI SANDRA RODRIGUEZ
Notary Public, State of Texas
My Commission Expires
March 04, 2019

N.INT.CITR.P

# AFFIDAVIT OF SERVICE

State of Texas                    County of Harris                    269th Court

Case Number: 201531089

Plaintiff:
**Paul Li**
vs.
Defendant:
**General Insurance Company Of America**

For:
Wade D. Moriarty
The Crim Law Firm, P.C.
4900 Travis St.
Houston, TX  77002

Received by Interaction Civil Process Investigations to be served on **General Insurance Company Of America (Forign Mutual Insurance Company), 211 E. 7th St.  Suite 620, Austin, TX 78701.**

I, Richard J. Guerra, being duly sworn, depose and say that on the **1st day of July, 2015 at 9:30 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition And Request For Disclosures** to: **Chris Saizan For Corporation Service Company as Registered Agent** at the address of: **211 E. 7th St.  Suite 620, Austin, TX 78701** on behalf of General Insurance Company Of America, **Sent by Certified Mail on 6/29/2015. Received return on 7/4/2015.**

I certify that I am approved by the Supreme Court of Texas to deliver citations and other notices from any District, County or Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than eighteen years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 7th day of
July, 2015 by the affiant who is personally known to
me.

_Deysi Rodriguez_
NOTARY PUBLIC

Richard J. Guerra
SCH 3248 Exp. 3/31/2017

Interaction Civil Process Investigations
5773 Woodway Dr. #125
Houston, TX 77057
(832) 606-8958

Our Job Serial Number: RJG-2015000284

DEYSI SANDRA RODRIGUEZ
Notary Public, State of Texas
My Commission Expires
March 04, 2019

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4l



Unofficial Copy Office of Chris Daniel District



RCS / ALL
Transmittal Number: 13973113
Date Processed: 07/02/2015

# Notice of Service of Process

| Primary Contact: | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02117 |
|---|---|

| | |
|---|---|
| Entity: | General Insurance Company Of America<br>Entity ID Number 2781188 |
| Entity Served: | General Insurance Company of America |
| Title of Action: | Paul Li vs. General Insurance Company of America |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Harris County District Court, Texas |
| Case/Reference No: | 2015-31089 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 07/01/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Wade D. Moriarty<br>713-807-7800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

CAUSE NO. 201531089

|  |  |  |
|---|---|---|
| RECEIPT NO. | 0.00 | CIV |
| ********* | TR # 73135725 | |

PLAINTIFF: LI, PAUL
    vs.
DEFENDANT: GENERAL INSURANCE COMPANY OF AMERICA

In The 269th
Judicial District Court
of Harris County, Texas
269TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: GENERAL INSURANCE COMPANY OF AMERICA (FOREIGN MUTUAL INSURANCE
    COMPANY) BY SERVING ITS ATTORNEY FOR SERVICE: CORPORATION SERVICE COMPANY
    OR WHEREVER IT MAY BE FOUND
    211 EAST 7TH ST SUITE 620  AUSTIN TX 78701

    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES</u>

This instrument was filed on the <u>1st day of June, 2015</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 1st day of June, 2015, under my hand and
seal of said Court.

<u>Issued at request of:</u>
MORIARTY, WADE D.
4900 TRAVIS STREET
HOUSTON, TX 77002
Tel: (713) 807-7800
<u>Bar No.:</u> 789503

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: CUERO, NELSON   7MM//10110976

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____        copy(ies) of the
                                                                              Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

                                    _____
                                    _____ of _____ County, Texas

                                    By _____
_____         Deputy
          Affiant

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                    _____
                                    Notary Public

N.INT.CITR.P

5/30/2015 5:14:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5481755
By: Nelson Cuero
Filed: 6/1/2015 12:00:00 AM

# 2015-31089 / Court: 269

CAUSE NO. _____

| | | |
|---|---|---|
| **PAUL LI** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **GENERAL INSURANCE COMPANY** | § | |
| **OF AMERICA** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE PRESIDING:**

**NOW COMES**, Plaintiff PAUL LI ("Plaintiff"), and files this Original Petition and Request for Disclosures against Defendant GENERAL INSURANCE COMPANY OF AMERICA ("Defendant"), and would respectfully show the following:

**I.**

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

Plaintiff is a resident of Harris County, Texas. The last three numbers of Plaintiff's social security number are 191.

Defendant, GENERAL INSURANCE COMPANY OF AMERICA, is a foreign mutual insurance company, duly licensed to do business in the State of Texas and is duly authorized to issue automobile insurance throughout the State of Texas. Service on Defendant may be obtained by serving its attorney for service: Corporation Service Company, 211 East 7th St. Suite 620, Austin TX 78701.

### III.

This court has jurisdiction and venue is proper in Harris County, Texas pursuant to Tex. Civ. Prac. & Rem. Code § 15.006 and Texas Insurance Code § 1952.110 because Plaintiff resided in Harris County, Texas at the time of the collision made the basis of this suit. See Tex. Civ. Prac. & Rem. Code §15.016 ("An action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute"); See Ins. Code § 1952.110 ([A]n action against an insurer may be brought only in: (1) the county in which the policyholder or beneficiary instituting the action resided at the time of the accident involving the underinsured or underinsured motor vehicle or (2) the county in which the accident occurred).

### IV.

This suit is necessary to collect a legal debt and damages due and owing to Plaintiff because of an automobile collision that occurred on or about January 13, 2014 and Defendant's wrongful acts in handling of Plaintiff's claim for underinsured motorist coverage.

On or about January 13, 2014, Plaintiff was a passenger in a vehicle driven by his wife, when suddenly and without warning, a vehicle struck the rear end of the Plaintiff's vehicle. As a result of this collision, Plaintiff suffered serious personal injuries.

### V.

Pursuant to the policy Defendant issued to Plaintiff, an automobile insurance policy in effect on the date of injury, which provided Plaintiff with underinsured Motorist Coverage. Under the terms and provisions of this policy, Plaintiff is entitled to recover under the underinsured Policy. Plaintiff, therefore, claims benefits under the terms and provisions of his underinsured Policy.

The driver that hit the Plaintiff's car was an "underinsured motorist" as that term is defined and understood under Tex. Ins. Code § 1952.103 and the policy of insurance issued by

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

Defendant GENERAL INSURANCE COMPANY OF AMERICA to PAUL LI . Plaintiff was covered persons and insured individuals under this policy at the time of the occurrence in question and sustained damages in excess of the liability insurance coverage for the other driver. Plaintiff therefore is entitled to collect benefits provided by the policy of Defendant GENERAL INSURANCE COMPANY OF AMERICA and for such benefits they now sue.

Nonetheless, without reasonable basis Defendant chose to deny timely payment of insurance benefits.

## VI.

### FIRST CAUSE OF ACTION---BREACH OF EXPRESS AND IMPLIED CONTRACT AND BREACH OF EXPRESS AND IMPLIED WARRANTY

Defendant agreed, through their contracts of automobile insurance, to provide to Plaintiff uninsured and underinsured motorist coverage up to ($100,000/$300,000.00). In derogation of this duty, Defendant breached its contractual duty to Plaintiff in an amount under the underinsured coverage to compensate Plaintiff for the damages he suffered as a result of the collision made the basis of this suit, such breach causing loss to Plaintiff from said breach of consequential damages.

## VII.

### SECOND CAUSE OF ACTION---Violations of Texas Insurance Code

Plaintiff re-alleges and incorporates each allegation contained in all preceding paragraphs of this Petition as if fully set forth herein.

A.    **Unfair Settlement Practices**

Defendant failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A) (formerly Art. 21.21 §4(10)(ii)).

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

Defendant failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3) (formerly Art. 21.21 §4(10)(iv)).

Defendant refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7) (formerly Art. 21.21 §4(10)(vii)).

Defendant misrepresented the insurance policy under which it affords underinsured motorist coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1) (formerly Art. 21.21 §4(11)(a)).

Defendant misrepresented the insurance policy under which it affords underinsured motorist coverage to Plaintiff, by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2) (formerly Art. 21.21 §4(11)(b)).

Defendant misrepresented the insurance policy under which it affords underinsured motorist coverage to Plaintiff, by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) (formerly Art. 21.21 §4(11)(c) and Texas Insurance Code Section 541.002 (1) (formerly Art. 21.21 §4(11)(e)).

Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1) (formerly Art. 21.21 §2(c)).

### B.  Unfair Claim Settlement Practices

Defendant has knowingly misrepresented to Plaintiff pertinent facts or policy provisions related to coverage at issue in violation of Texas Insurance Code Section 542.003(b)(1).

Defendant has failed to acknowledge with reasonable promptness pertinent communications related to the claim arising under the underinsured policy in violation of Texas Insurance Code Section 542.003(b)(2).

Defendant has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under Defendant's policies in violation of Texas Insurance Code Section 542.003(b)(3).

Defendant has failed to attempt in good faith to effect a prompt, fair and equitable settlement of a claim submitted in which liability has become reasonably clear in violation of Texas Insurance Code Section 542.003(b)(4).

### C.  Prompt Payment of Claims

Defendant has failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055(a)(1).

Defendant has failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements, or forms that Defendant reasonably believes to be required from Plaintiff in violation of Texas Insurance Code Section 542.055(a)(2)-(3).

Defendant has failed to notify Plaintiff in writing of the acceptance or rejection of a claim not later than the 15th business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code Section 542.056(a).

Defendant has delayed payment of Plaintiff claim in violation of Texas Insurance Code Section 542.058(a).

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

**VIII.**

## THIRD CAUSE OF ACTION---BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

Plaintiff re-alleges and incorporates each allegation contained in all preceding paragraphs of the Petition as if fully set forth herein.

Defendant, as Plaintiff's insurer, had a duty to deal fairly and in good faith with Plaintiff in the processing of the underinsured claim. Defendant breached this duty by refusing to properly investigate and effectively denying necessary benefits. Defendant knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Defendant's breach of these legal duties Plaintiff suffered legal damages.

**IX.**

## FOURTH CAUSE OF ACTION--- LEGAL "MALICE" & UNCONSCIONABILITY

Plaintiff re-alleges and incorporates each allegation contained in all preceding paragraphs of this Petition as if fully set for herein.

Defendant acted fraudulently and with malice (as that term is legally defined) in denying Plaintiff's claim for underinsured benefits. Defendant's conduct when viewed objectively from its standpoint at the time of its occurrence involved an extreme degree of risk to Plaintiff, considering the probability and magnitude of the potential harm to Plaintiff. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

Defendant also acted in an unconscionable manner, as that term is legally defined, and as a result is liable for the statutory violations resulting from unconscionable acts by an insurer and its adjusters.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

## X.

### FIFTH CAUSE OF ACTION---VIOLATIONS OF TEXAS DTPA

Plaintiff re-alleges and incorporates each allegation contained in all preceding paragraphs of this Complaint as if fully set forth herein.

The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violation of the Texas Insurance Code creates a cause of action under the DTPA. Defendant's violation of the Texas Insurance Code, as set forth herein, specifically violates the DTPA as well.

## XI.

### RESULTING LEGAL DAMAGES

Plaintiff is entitled to the actual damages resulting from the Defendant's violations of the law. From the date of the incident in question up to the time of trial in this cause, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

a) The physical pain that Plaintiff has suffered from the date of the incident in question up to the time of trial;
b) The mental anguish that Plaintiff has suffered from the date of the incident in question up to the time of trial;
c) The amount of reasonable medical expenses necessarily incurred in the treatment of Plaintiff injuries from the date of the incident in question up to the time of trial;
d) The loss of any earnings sustained by Plaintiff from the date of the incident in question up to the time of trial;
e) The damages resulting from the physical impairment suffered by and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform; and
f) The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

From the time of trial of this case, the elements of damages to be separately considered which Plaintiff will sustain in the future, beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

a) The physical pain that Plaintiff will suffer in the future beyond the time of trial;
b) The mental anguish that Plaintiff will suffer in the future beyond the time of trial;
c) The reasonable value of medical expenses that will necessarily be incurred in the treatment of Plaintiff injuries in the future beyond the time of trial;
d) The loss or reduction in Plaintiff earnings or earning capacity in the future beyond the time of trial, caused by the injuries sustained in the incident in question;
e) The damages resulting from physical impairment that Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial; and
f) The disfigurement that Plaintiff will suffer in the future beyond the time of trial.

Plaintiff is entitled to recover for the consequential damages to him; economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

Plaintiff is entitled to interest on the amount of his claim at the rate of 18 percent per year as damages under Texas Insurance Code 542.060(a).

As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

Defendant's knowing violations of the DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

Plaintiff is also entitled to recover his attorney's fees, pursuant to Tex. Civ. Prac. & Rem. Code §38.001 and pursuant to Texas Insurance Code 542.060(a)-(b).

**XII.**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

**XIII.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon trial hereof Plaintiff has judgment of the Court against such Defendant in a total amount of money in excess of the minimum jurisdictional limit of this Court, together with pre and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**THE CRIM LAW FIRM, P.C.**

/s/: *Wade D. Moriarty*

Wade D. Moriarty
Texas Bar No. 00789503
4900 Travis St.
Houston, Texas 77002
(713)-807-7800 Telephone
(713)-807-8434 Facsimile
Wade@TheCrimLawFirm.com

**ATTORNEY FOR PLAINTIFF**
**PAUL LI**

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES



U.S. POSTAGE
PAID
HOUSTON, TX
77002
JUN 29, 15
AMOUNT
**$7.67**
R2304M112441-16

78701

1000

CERTIFIED MAIL

7011 1570 0001 4876 6796

2223 Woodway Dr #125
Houston, TX 77057

Corporation Service Company
211 E. 7th St. Suite 620
Austin, TX. 78701

7/27/2015 10:08:17 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6228172
By: GAYLE FULLER
Filed: 7/27/2015 10:08:17 AM

## CAUSE NO. 2015-31089

| | | |
|---|---|---|
| PAUL LI, | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GENERAL INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
|     Defendant | § | 269th JUDICIAL DISTRICT |

## GENERAL INSURANCE COMPANY OF AMERICA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant General Insurance Company of America ("GICA") and files this Original Answer to Plaintiff's Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendant GICA denies each and every, all and singular, allegation set forth in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence at the final trial of this case.

### II.
### AFFIRMATIVE DEFENSES

In addition to any other legal and factual defenses that GICA may have to Plaintiff's causes of action, GICA specifically avers that Plaintiff has not established he is "legally entitled to recover" from the uninsured/underinsured motorist, a condition precedent to recover under the policy. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809 (Tex. 2006).

WHEREFORE, PREMISES CONSIDERED, Defendant General Insurance Company of America respectfully prays that upon final hearing hereof, Plaintiff Paul Li take nothing by

reason of this action, that GICA be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 6000
Austin, Texas 78701
Telephone:  (512) 472-7700
Facsimile:   (512) 472-0205

By _____
     Catherine L. Hanna
     State Bar No. 08918280
     Email:  channa@hannaplaut.com
     Lauren E. Sprouse
     State Bar No. 24079380
     Email:  lsprouse@hannaplaut.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been delivered by e-service and/or facsimile on this 27th day of July, 2015 to:

*Facsimile: 713.807.8434*
THE CRIM LAW FIRM, P.C.
Wade D. Moriarty
4900 Travis St.
Houston, Texas  77002
*Attorneys for Plaintiff*

_____
Lauren E. Sprouse

# EXHIBIT "B"



**201531089 - LI, PAUL vs. GENERAL INSURANCE COMPANY OF AMERICA (Court 269)**

Chronological History *(non-financial)* | Print All

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.

Purchase Order ( 0 documents )

Print List

| Image No. | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|
| 66393136 | Citation | | | 07/28/2015 | 3 | Add to Basket |
| 66368424 | General Insurance Company of America's Original Answer | | | 07/27/2015 | 2 | Add to Basket |
| 65622431 | Plaintiff's Original Petition and Request for Disclosures | | | 06/01/2015 | 9 | Add to Basket |
| -> 65622433 | Civil Case Information Sheet | | | 06/01/2015 | 1 | Add to Basket |
| -> 65622432 | Civil Process Request | | | 06/01/2015 | 2 | Add to Basket |
| 65652513 | Civil Process Pick-Up Form | | | 06/01/2015 | 1 | Add to Basket |

[WS5]

# EXHIBIT "C"

<u>LIST OF ALL COUNSEL OF RECORD</u>

**<u>Counsel for Plaintiff Paul Li</u>**
Wade D. Moriarty
The Crim Law Firm
4900 Travis Street
Houston Texas 77002
(713) 807-7800 (Telephone)
(713) 807-8434 (Facsimile)

**<u>Counsel for Defendant General Insurance Company of America</u>**
Catherine L. Hanna
Lauren E. Sprouse
Hanna & Plaut, LLP
211 East Seventh Street, Suite 600
Austin, Texas  78701
(512) 472-7700 (Telephone)
(512) 472-0205 (Facsimile)

# EXHIBIT "D"

## <u>INDEX OF ALL DOCUMENTS FILED WITH THE COURT</u>

1.   Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)

2.   True and correct copies of all pleadings, process and orders served in this action

3.   State Court Docket Sheet

4.   List of all Counsel of Record